

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | | |
|---|---|---|
| *PAUL J. FISHMAN*<br>*United States Attorney*<br><br>*PATRICK C. ASKIN*<br>*Assistant U.S. Attorney* | *CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*<br>*401 Market Street, 4th Floor*<br>*Post Office Box 2098*<br>*Camden, New Jersey 08101* | *Fax: 856-968-4917*<br>*Direct dial: 856-757-5231* |

January 29, 2014

Maggie F. Moy, Esquire
Office of the Federal Public Defender
District of New Jersey
800-840 Cooper Street, Suite 350
Camden, New Jersey 08102

14-182

    Re:    <u>Plea Agreement with Donald Kivel:</u>

Dear Ms. Moy:

    This letter sets forth the plea agreement between your client, Donald Kivel, and the United States Attorney for the District of New Jersey ("this Office").

### Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Donald Kivel to a one-count Information, which charges Donald Kivel with knowingly receiving child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2. If Donald Kivel enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Donald Kivel relating to his receipt, distribution, and possession of child pornography from on or about June 1, 2011 to on or about July 15, 2011, in Burlington County, New Jersey, as described in the Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Donald Kivel may be commenced against him, notwithstanding the expiration of the limitations period after Donald Kivel signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 2252A(a)(2)(A) to which Donald Kivel agrees to plead guilty carries a statutory maximum prison sentence of 20 years, a statutory mandatory minimum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that Donald Kivel has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the violation of 18 U.S.C. § 2252A(a)(2)(A) to which Donald Kivel agrees to plead carries a mandatory minimum sentence of 15 years and a statutory maximum prison sentence of 40 years.

The sentence to be imposed upon Donald Kivel is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Donald Kivel ultimately will receive.

Further, in addition to imposing any other penalty on Donald Kivel, the sentencing judge: (1) will order Donald Kivel to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Donald Kivel to pay restitution pursuant to 18 U.S.C. § 2259; (3) may order Donald Kivel, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture pursuant to 18 U.S.C. § 2253; and (5) pursuant to 18 U.S.C. § 3583, may require Donald Kivel to serve a term of supervised release of at least 5 years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should Donald Kivel be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Donald Kivel may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. However, pursuant to 18 U.S.C. § 3583(k), should Donald Kivel be placed on a term of supervised release and Donald Kivel subsequently commits an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for

which imprisonment for a term longer than 1 year can be imposed, Donald Kivel must be sentenced to at least 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.   In addition, Donald Kivel must, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where Donald Kivel resides, is employed, or is a student.

In addition, Donald Kivel agrees to forfeit to the United States all computers, electronic storage devices, cell phones and computer accessories seized and held as evidence by agents and detectives from the residence located at 2144 Harbour Drive, Palmyra, New Jersey on or about July 15, 2011, including but not limited to: computer hardware, cameras, hard drives, external drives, cellular phones and all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code, and all books, magazines, periodicals, films, videotapes, and other matter which contain any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18 of the United States Code;   all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information and all property traceable to such property. *See* 18 U.S.C. § 2253.

### Registration Consequences

The defendant understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. The defendant wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. The defendant understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly the defendant waives any and all challenges to his guilty plea based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on the registration consequences of his guilty plea.

### Adam Walsh Child Protection and Safety Act

Donald Kivel has been advised, and understands, that under the Sex Offender

3

Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Donald Kivel resides; where he is an employee; and where he is a student. Donald Kivel understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. Donald Kivel further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status.

Donald Kivel has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Donald Kivel by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Donald Kivel's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Donald Kivel agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Donald Kivel from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both

parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Donald Kivel waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Donald Kivel. This agreement does not prohibit the United States, any agency thereof, including the Internal Revenue Service, the Department of Homeland Security or any third party from initiating or prosecuting any civil proceeding against Donald Kivel.

## No Other Promises

This agreement constitutes the plea agreement between Donald Kivel and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: PATRICK C. ASKIN
Assistant U.S. Attorney

APPROVED:

R. STEPHEN STIGALL
Attorney-in-charge, Camden, NJ

6

       I have received this letter from my attorney, Maggie Moy, Esquire.   I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.   I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 2/3/14
DONALD KIVEL

       I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences.   My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 2/3/14
MAGGIE MOY, ESQUIRE

Plea Agreement with Donald Kivel
Schedule A

1. This Office and Donald Kivel recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Donald Kivel nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case. The applicable guideline is U.S.S.G. § 2G2.2(a)(2). This guideline carries a Base Offense Level of 22.

3. Specific Offense Characteristic § 2G2.2(b)(2) applies, as the parties agree that the offense involved depictions of a prepubescent minor or a minor who had not attained the age of 12 years. This Specific Offense Characteristic results in an increase of 2 levels.

4. Specific Offense Characteristic § 2G2.2(b)(3)(F) applies, as the parties agree that the offense involved the distribution of child pornography, and this distribution was "other than distribution described in subsections (A) through (E). This Specific Offense Characteristic results in an increase of 2 levels.

5. Specific Offense Characteristic § 2G2.2(b)(4) applies, as the parties agree that the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. This Specific Offense Characteristic results in an increase of 4 levels.

6. Specific Offense Characteristic § 2G2.2(b)(6) applies, as the parties agree that the offense involved the defendant's use of a computer. This Specific Offense Characteristic results in an increase of 2 levels.

7. Specific Offense Characteristic § 2G2.2(b)(7)(D) applies, as the parties agree that the offense involved more than 600 images. This Specific Offense Characteristic results in an increase of 5 levels.

8. As of the date of this letter, Donald Kivel has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Donald Kivel's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Donald Kivel has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. At

8

sentencing, this Office will move for a further 1-point reduction in Donald Kivel's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Donald Kivel enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Donald Kivel's acceptance of responsibility has continued through the date of sentencing and Donald Kivel therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Donald Kivel's offense level under the Guidelines prior to the operation of U.S.S.G. § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Donald Kivel is 34 (the "agreed total Guidelines offense level").

11. The parties agree not to seek or argue for any upward or downward adjustments or departures not set forth herein. However, Donald Kivel reserves the right to move for a variance pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a). The government reserves the right to oppose any such application or motion by the defendant for a variance from the guideline range calculated by the Court.

12. Donald Kivel knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 34. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 34. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.